Filed 9/8/22 P. v. Bernal CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAMON HERNANDEZ BERNAL, JR.,<br><br>    Defendant and Appellant. | H048821<br>(Monterey County<br>Super. Ct. No. SS161881) |

## MEMORANDUM OPINION

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

This case returns on appeal after resentencing. As described in the unpublished opinion from defendant's first direct appeal[1]: "The District Attorney charged defendant with residential burglary (Pen. Code, § 459); identity theft (Pen. Code, § 530.5, subd. (a)); assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)); three counts of auto burglary (Pen. Code, § 459); tampering with a vehicle (Veh. Code, § 10852); two counts of receiving stolen property (Pen. Code, § 496, subd. (a)); and child endangerment (Pen. Code, § 273a, subd. (b)). The information also alleged two prior serious felonies (Pen. Code, §§ 667, subd. (a), 1170.12, subd. (c)(2)), prior prison terms (Pen. Code, § 667.5, subd. (b)), and committing new offenses while released on bail (Pen. Code,

---

[1] We have taken judicial notice of our earlier opinion at defendant's request.

§ 12022.1, subd. (b)).  The case was tried to a jury and defendant was convicted of all charges.  In a bifurcated phase, the court found true all special allegations." (*People v. Bernal* (Dec. 5, 2019, H045620) [nonpub. opn.].)  Defendant was originally sentenced to an indeterminate term of 85 years to life in prison, which included 20 years for two prior serious felony conviction enhancements (Pen. Code, § 667, subd. (a)) and one year for a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).  In the previous appeal, a different panel of this court found no prejudicial trial errors.  The judgment was nonetheless reversed and remanded to allow the trial court to exercise its discretion under new legislation making discretionary the previously mandatory Penal Code section 667, subdivision (a) prior serious felony conviction enhancements.

On remand, the trial court struck the prior serious felony enhancements, struck the prior prison term enhancement, and resentenced defendant to an indeterminate prison term of 64 years to life consisting of:  25 years to life for first degree burglary (Pen. Code, §§ 459–460, 1170.12, subd (c)(2)); 25 years to life consecutive for assault with a deadly weapon (Pen. Code, §§ 245, subd. (a)(1), 1170.12, subd (c)(2)); six years consecutive for second degree burglary (Pen. Code, §§ 459, 1170.12, subd. (c)(1)) plus two years consecutive for the on-bail enhancement (Pen. Code, § 12022.1, subd. (b)); 16 months consecutive for identity theft (Pen. Code, §§ 530.5; 1170.1, subd. (a), 1170.12, subd. (c)(1)) plus two years consecutive for the on-bail enhancement (Pen. Code, § 12022.1, subd. (b)); 16 months consecutive for second degree burglary (Pen. Code, §§ 459, 1170.1, subd. (a), 1170.12, subd. (c)(1)); and 16 months consecutive for second degree burglary (Pen. Code, §§ 459, 1170.1, subd. (a), 1170.12, subd. (c)(1)).  The trial court imposed concurrent terms for the misdemeanor counts. The trial court did not modify the previously imposed fines and fees, which consist of the following:  $3,427.90 in direct victim restitution; a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a suspended $10,000 parole revocation fine (Pen. Code, § 1202.45); a court operations assessment of $400 (Pen. Code, § 1465.8, subd. (a)(1)); a court facilities assessment of

2

$300 (Gov. Code, § 70373); and a $4 emergency medical air transportation penalty (Gov. Code, § 76000.10). The trial court did not modify the previously stated presentence custody credits (223 actual days plus 222 days conduct credit (Pen. Code, § 2933)).

In this appeal, counsel filed a brief stating the case and facts but raising no issues. We notified defendant of his right to submit written argument on his own behalf, and we received a supplemental response from defendant raising six issues. Two of defendant's arguments (about the trial counsel listed on the abstracts of judgment and the calculation of presentence custody credits) overlap arguments in his appellate counsel's supplemental brief and will be addressed later in this opinion. Other issues are not cognizable in this subsequent appeal because they either reassert arguments considered and rejected in the previous appeal or challenge aspects of the judgment not modified at resentencing (namely, the restitution fine). The remaining issues raised in defendant's response lack merit: Defendant argues that because the trial court struck the prior serious felony conviction enhancements when resentencing him, it "essentially voided those specific prior convictions" such that he could not be sentenced under the Three Strikes Law. Defendant cites no authority for that proposition, and we conclude no law precluded the trial court from using defendant's prior convictions as the basis for a third strike sentence, despite exercising its discretion not to impose additional punishment for those offenses under Penal Code section 667, subdivision (a). Defendant also argues his indeterminate sentence constitutes cruel and unusual punishment under the state and federal constitutions. That argument is forfeited for failure to assert it in the trial court. (*People v. Speight* (2014) 227 Cal.App.4th 1229, 1247 ["A defendant's failure to contemporaneously object that his sentence constitutes cruel and unusual punishment forfeits the claim on appellate review."].)

We invited supplemental briefing about discrepancies between the abstracts of judgment and the trial court's oral pronouncement of sentence. The Attorney General and defendant's appellate counsel identify several errors on the abstracts of judgment.

3

Defendant's appellate counsel does not explain why he did not earlier bring these discrepancies to the court's attention.

The abstract of judgment for defendant's indeterminate terms correctly lists counts one and three as the indeterminate counts, but the abstract also incorrectly refers to counts one and two instead of counts one and three. The abstract also does not indicate defendant was sentenced under the Three Strikes Law. And the new abstract incorrectly lists the original sentencing date, courtroom department, and names of individuals from the original sentencing hearing instead of the date and individuals present at resentencing. The parties agree that the indeterminate abstract of judgment must be amended to conform to the trial court's oral pronouncement that defendant serve 50 years to life as a third strike sentence for counts one and three. Items five and six must be corrected to refer to counts one and three, and the box for item eight must be checked to indicate defendant received a third strike sentence. Defendant's appellate counsel correctly notes that his presentence custody credits must be updated to include the time he spent in prison between the original March 2018 sentence and the resentencing hearing in 2021. (Citing *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time."].) As 1,078 days elapsed between the March 9, 2018 initial sentencing and the February 19, 2021 resentencing, the indeterminate abstract of judgment must be updated to reflect 1,523 days of presentence custody credit, based on 1,301 actual days and 222 days' conduct credit (Pen. Code, § 2933). The indeterminate abstract of judgment must be dated February 19, 2021, and must include the following information: Department 4, Judge Andrew G. Liu, courtroom clerk Elena Soto, court reporter Lorlein Carter, counsel for the People Kelsey Hollander, and counsel for defendant Donald Landis.

The abstract of judgment for defendant's determinate terms correctly lists the total determinate sentence as 14 years, but incorrectly states the terms imposed for each count.

4

The parties agree that the determinate abstract of judgment must be amended to conform to the trial court's oral pronouncement of judgment, summarized earlier in this opinion. The box in item four must be checked to indicate defendant was sentenced "per PC 667(b)-(i) or PC 1170.12 (strike prior)," and the box in item four (presentence custody credit exceeding time imposed) must be unchecked. Box seven must be checked (cross-referencing the separate indeterminate term). Box 15 must be checked (requiring the probation department to prepare a post-sentence report). The determinate abstract of judgment must be dated February 19, 2021, and must include the following information: Department 4, Judge Andrew G. Liu, courtroom clerk Elena Soto, court reporter Lorlein Carter, counsel for the People Kelsey Hollander, and counsel for defendant Donald Landis.

## DISPOSITION

The judgment is modified to accurately reflect the trial court's oral pronouncement that defendant serve 64 years to life in prison. The clerk of the superior court is ordered to prepare new abstracts of judgment to correct the errors identified in this opinion. As so modified, the judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


H048972 - *The People v. Bernal*